**Donald Ray McCRAY, Appellant,**

v.

**L. GLASS, Appellee.**

No. 09–02–058–CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 2, 2003.

Decided Jan. 16, 2003.

---

Donald Ray McCray, Beaumont, pro se.

Lt. Lee Glass, Beaumont, pro se.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Donald Ray McCray, who is an inmate of the Texas Department of Criminal Justice, Institutional Division, filed a civil rights suit against L. Glass, who, the petition alleges, is an employee of the Department. The trial court entered default judgment and submitted the issue of damages to a jury. The jury found actual damages of $500 and punitive damages of $100. The trial court entered judgment on the verdict, and McCray appealed.

The prayer in the appellant's brief asks the Court to "uphold the *verdict of the jury* [.]" We have reviewed the record, and determine that the trial court did enter a judgment on the verdict of the jury, as opposed to judgment notwithstanding the verdict. To uphold the jury's verdict, consistent with the appellant's request for relief, we must affirm the trial court's judgment.

The appellant's brief complains that the trial court, "in violation of the: *verdict of the jury*, the trial court: *assess*, court costs, against the total sum of: *damages*, and: *punitive damages*, awarded by the jury and against the appellant as punishment, in rejection to the: *jury-verdict*." When we examine the judgment, however, we find that the trial court ordered that the plaintiff recover court costs.

The appellant also complains that the trial court failed to order the defendant "to pay the total sum of $600.00, to the appellant: *Donald Ray McCray*, all in one (1) payment" and that "the trial court, refuse to: *assess*, a deadline due date, against appellee: *L. Glass*, for the payment of the total sum, to the appellant: *Donald Ray McCray*, in connection with the issuing of the: jury-verdict, August 27th 2001." He also requests a more definite statement of the amount of the damages awarded to him and the recoverable costs. The appellant's arguments lack merit for several reasons. First, the judgment awards McCray judgment for $600. Second, the appellant did not timely file a motion to modify, correct, or reform the judgment. *See* TEX.R. CIV. P. 329b. The clerk's record does not include a proposed judgment, so we will assume that McCray did not submit a proposed judgment to the trial court. *See* TEX.R. CIV. P. 305. Therefore, the appellant failed to preserve any issues for appellate review regarding the recitals and decrees contained in the judgment. *See* TEX.R.APP. P. 33.1. Third, the appellant cited no rule or authority demonstrating error by the court, nor does he support his complaints with appropriate citations to authorities. *See* TEX.R.APP. P. 38.1(h).

Finally, McCray appears to be dissatisfied with the delay between the trial and the entry of judgment, and with the lack of specific directives for enforcing the judgment. From our review of the record, it appears that any delay or defect in prosecuting the suit is attributable to McCray, who is an untrained but experienced litigator, rather than to the trial court.

The issues raised in McCray's brief are overruled. The judgment is affirmed.

AFFIRMED.